UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-CR-60312-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MACKENLEY DESIR,

    Defendants.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION
*IN LIMINE* TO LIMIT THE CROSS-EXAMINATION OF VICTIM B.V.**

COMES NOW Defendant, MACKENLEY DESIR, through counsel, and hereby responds in opposition to the Government's motion *in limine* [D.E. 156] to limit the cross-examination of victim B.V. and states:

*Background*

1. The Government seeks to limit Mr. Desir's cross-examination of main government witness-victim. B.V. with regard to her felony conviction for attempted armed burglary of a dwelling, attempted robbery and shooting into a dwelling house.

2. Specifically, the Government agrees that questions regarding "(a) the date of her conviction and/or arrest; (b) the specific offense(s) charged; (iii) the present status of her case; and (iv) whether or not she stands to benefit in any way from her testimony for the United States in this matter" are proper areas of questioning [D.E. 156 p. 2]. However, the Government argues that further questioning regarding the facts underlying the case including questions about the nature of the attempted armed robbery; the involvement of children during the

armed robbery, the use and shooting of a firearm and the flight from law enforcement should be disallowed since those facts are irrelevant to the case. [D.E. 156 p. 7].

*Law*

3. In all prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *U.S. Const. amend. VI*. "The main and essential purpose of confrontation is to secure for the [defendant] the opportunity of cross-examination." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986).

4. "The Sixth Amendment, and thus the constitutional minimum that must be allowed a criminal defendant before a trial court's discretion to limit cross-examination adheres, includes the ability to develop and present a defense." *United States v. Mulinelli-Navas*, 111 F.3d 983, 992 (1st Cir. 1997); *see also United States v. Muhammad*, 928 F.2d 1461, 1467 (7th Cir. 1991) (holding that the district court's discretion in limiting cross-examination does not begin until after satisfying the constitutional minimum of allowing a defendant to present sufficient evidence for the jury to assess the theory of defense and witness bias).

5. "Full cross-examination is particularly critical when the examinee is a chief government witness." *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1366 (11th Cir. 1994).

*Argument*

6. Without question, B.V. is a chief government witness. Count 2 of the indictment rests entirely on her testimony and credibility as an alleged victim. The Government says that from December 2007 to February 2009 she was coerced – a critical and essential element of proof for the government – into prostituting herself for Mr. Desir. The Government says that Mr. Desir beat her, intimidated her, scared her and forced her to prostitute herself. In fact, the Government has filed a motion in limine to introduce "climate-of-fear" evidence to show

that Mr. Desir specifically targeted B.V. since she was vulnerable and easy to manipulate through threats, violence and/or drugs. *See Government's Motion in Limine to Introduce Climate-of-Fear and other Intrinsic Evidence [D.E. 151].*

7. Mr. Desir disputes that he coerced B.V. to do anything including prostitution. Mr. Desir further disputes that B.V. was the type person that could easily succumb to manipulation or control.

8. The Defense proffers that B.V. was in fact the opposite. She was a person who would stand up to threats and resort to violence herself if she perceived she was threatened or if she wanted to get something. She was not the type of person to be domineered. <u>This is fundamental to Mr. Desir's defense</u>.

9. The facts underlying the subject felony conviction is demonstrative of her nature and character. Here, B.V. along with two male accomplices attempted to forcibly commit a home invasion robbery. She tried to convince a 13 year old boy to open a door to a residence claiming that she was the boy's cousin. When the boy refused to open the door, B.V.'s accomplice fired two shots into the door in attempt to forcibly enter the home.

10. This violent crime shows the lethal and violent nature of B.V. It further cuts against the picture that the Government wants to paint of B.V. as being this vulnerable, easily manipulated victim. This evidence also calls into question the Government's allegations that alleged domestic violence altercations between Mr. Desir and B.V. reflect Mr. Desir's control and dominion over her. The Defense is entitled to explore and present any competent evidence that altercations between B.V. and Mr. Desir were caused by B.V.'s own violent tendencies. *See generally United States v. Baptista-Rodriguez*, 17 F.3d 1354 (11th Cir. 1994) (finding that the district court committed reversible error in limiting the defense's

cross-examination of an FBI agent about the agent's knowledge of a document that terminated the defendant as a government informant – the defendant's claimed continued status as an FBI informant was his entire defense to drug conspiracy charges).

11. Furthermore, the facts underlying the arrest and conviction are admissible under Federal Evidence Rule 404(a)(2)(B) which states in pertinent part ". . . a defendant may offer evidence of an alleged victim's pertinent trait . . ." and under Federal Evidence Rule 404(b). *See United States v. Cohen*, 888 F.2d 770 (11th Cir. 1989) (holding that the trial court committed reversible error in limiting a Defendant's cross examination based on Rule 404(b) -  the Defendant had sought to show though cross examination that one of the government's main witnesses was capable of committing a similar fraudulent scheme without the Defendant's knowledge).

*Conclusion*

12. By seeking to limit the Defendant's cross-examination of B.V., the Government essentially seeks to have Mr. Desir defend himself with one arm tied behind his back while at the same time providing a distorted view  of B.V.  This is impermissible under the Confrontation Clause especially when B.V.'s own past cuts against the Government's picture of B.V. being a vulnerable victim, prone to manipulation and coerced into prostitution.

          Respectfully submitted,

          By:    *s/Deric Zacca*
                DERIC ZACCA, ESQUIRE
                Fla. Bar No. 0151378

                CABRERA & ZACCA, LLP
                12781 Miramar Parkway, Suite 303
                Miramar, Florida 33027
                Telephone: (954) 450-4848
                Facsimile: (954) 450-4204

- 5 -

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                *s/Deric Zacca*_____
                                DERIC ZACCA