UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60312-CR-COHN(s)(s)

UNITED STATES OF AMERICA

vs.

MACKENLEY DESIR and
GENET REMBERT,

       Defendants.
_____

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR

SPECIFIC *BRADY, KYLES, AGURS,* AND *BAGLEY* MATERIALS (DE 169)

    The United States of America, through the undersigned Assistant United States Attorney, respectfully submit this response to the defendant's Request for specific *Brady, Kyles, Agurs,* and *Bagley* Materials (DE 169), and states as follow:

    1. On May 6, 2013, the undersigned Assistant United States Attorney along with FBI Special Agent Susan Funk Romash and FBI Victim Specialist Pamela Washington, interviewed victim C.J. and asked her directly whether she had engaged in commercial sex acts at the homing inn in Boynton Beach, Florida prior to meeting defendants Desir and Rembert. C.J. admitted that she in fact did engage in commercial sex acts prior to meeting Desir and Rembert.

    2. Continuing on May 6, 2013, the undersigned Assistant United States Attorney along with Agent Romash and Victim Specialist Washington asked C.J. whether she was aware that advertisements had been posted on escort websites on April 14 and April 15, 2013 with her cell phone number. C.J. explained that she did discuss resorting to prostitution with a male she met at a motel she was residing at in Vermont. C.J. intitally stated that she was not aware that the male had

posted any ads for her and that she reconsidered resorting to prostitution within fifteen minutes of their conversation.  C.J. further explained that she informed the male that she was not willing to prostitute to obtain drugs and that she did not engage in any prostitution.

3. On May 7, 2013, Special Agent Romash visited C.J. and again discussed the backpage.com and SipSap.com escort advertisements with her.  C.J. admitted that she indeed was aware of the advertisements and did voluntarily engage in commercial sex acts during April 14 and April 15, 2013.  The advertisements will be provided to both defense attorneys in supplemental discovery.

4. The Government hereby requests that the defendants be precluded from mentioning that C.J. engaged in commercial sex acts before and after the time alleged in the indictment.  Any evidence of C.J. prostituting before or after the the crimes alleged in the indictment is not relevant to whether the defendants used force, fraud, or coercion to force her to engage in commercial sex acts at the time of the conspiracy and is prohibited by Federal Rule of Evidence 412, commonly referred to as the Rape Shield Law.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:    /s/ Francis Viamontes
        Francis Viamontes
        Assistant United States Attorney
        Florida Bar 605514
        500 East Broward Blvd., 7th Floor
        Fort Lauderdale, Fl 33394
        Tel: (954) 660-5688
        Fax: (305) 530-7976
        Francis.Viamontes@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 7, 2013, I filed the foregoing document with the Clerk of the Court and all counsel of record using CM/ECF.

/s/ Francis Viamontes
Francis Viamontes
Assistant United States Attorney