UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60312-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

 vs.

GENET REMBERT, et al.,

    Defendant.
_____/

**DEFENDANT REMBERT'S REPLY TO GOVERNMENTS RESPONSE (DE 181)
TO DEFENDANT'S MOTION FOR SPECIFIC BRADY MATERIAL (DE 169)**

  The defendant, Genet Rembert, through counsel, hereby files her reply to the Government's Response (DE 181) to her demand for specific Brady Material, and in support thereof, Ms. Rembert states:

  1. Ms. Rembert is charged in Count 1 of the indictment with conspiring with co-defendant Mackenley Desir to cause a person to engage in a commercial sex act by means of force, threats of force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c).  Count 3 of the indictment charges Ms. Rembert and co-defendant Desir with the substantive crime of causing a person, that is C.J., to engage in a commercial sex act, by means of force, threats of force, fraud or coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) and 2.  Ms. Rembert is not charged in Count 2 of the indictment.

2. On May 2, 2013, Ms. Rembert filed a demand for specific *Brady* material, requesting evidence or information pertaining to C.J. engaging in commercial sex acts prior to meeting the defendants (DE 142).

3. On May 3, 2013, the government filed a response to Ms. Rembert's Demand for Specific *Brady* material. The government indicated that with the exception of claims made by Ms. Rembert, it was unaware of any evidence that C.J. had engaged in commercial sex acts prior to meeting the defendants. However, the government did disclose that it was aware that on April 15, 2013, C.J.'s phone number was listed on an escort advertisement on a website called SipSap.com. The SipSap.com appears to be a website which advertises commercial sex activities. The government requested that the Court exclude any evidence of C.J. engaging in commercial sex acts subsequent to the dates alleged in the indictments on the grounds of relevance and unfair prejudice.

4. On May 6, 2013, the Court entered an order granting Ms. Rembert's Motion for Specific *Brady* material and ordered the government to provide Ms. Rembert with the substance of any statements or other information pertaining to C.J. engaging in commercial sex acts prior including instances wherein she traded sex in exchange for drugs.

5. On May 6, 2013, Ms. Rembert filed a second demand for specific *Brady* material (DE 169) requesting that the government be ordered to produce evidence pertaining to C.J.'s escort advertisement, and statements and information pertaining to C.J. engaging in sex acts subsequent to the dates alleged in the indictment. Ms. Rembert included a memorandum of law arguing that the evidence of C.J. engaging in commercial sex acts subsequent to the dates alleged in the indictment was admissible pursuant to Federal Rule of Evidence 404(b).

6.      On May 7, 2013, the government filed a response (DE 181) to Ms. Rembert's second motion for specific *Brady* Material. In this response, the government disclosed that on May 6, 2013, C.J. admitted to government agents that she did in fact engaged in commercial sex acts prior to meeting the defendants. Furthermore, after initially denying knowledge of any escort advertisement and any commercial sex activities in April 2013, C.J. admitted that she was aware of the advertisements placed on SipSap.com and that she did engage in commercial sex acts on April 14 and April 15, 2013.

7.      The government now requests that any evidence of C.J. engaging in commercial sex acts be excluded from the trial. The government argues that the evidence is not relevant and prohibited by Federal Rule of Evidence 412, commonly called the Rape Shield Law. *See* DE 189.

8.      Ms. Rembert respectfully submits that evidence that C.J. engaged in sex acts prior to meeting the defendants and subsequent to the dates alleged in the indictment is probative of C.J.'s willingness and predisposition to engage in prostitution without being forced or coerced by the defendants during the time frame alleged in the indictment. *See* Fed. R. Evid. 404(b)(2)(evidence of crimes, wrongs or other acts may be admissible to prove motive, intent, plan, absence of mistake). Moreover, Ms. Rembert would submit that contrary to the government's assertion, this evidence is not prohibited by Federal Rule of Evidence 412.

**Argument and Memorandum of Law**

C.J.'s motive for engaging in commercial sex acts is an important issue in this case. Evidence that C.J. has engaged in commercial sex acts prior to meeting the defendants and subsequent to the dates alleged in the indictment would assist the jury in determining whether C.J. committed the acts because she was defrauded, forced or coerced or whether she was predisposed

3

to perform commercial sex acts because she needed money to satisfy her drug addiction. Ms. Rembert would rely on the argument and memorandum in her second demand for specific Brady material (DE 169) that the evidence is relevant and admissible under Federal Rule of Evidence 404(b).

Ms. Rembert further argues that extrinsic evidence that C.J. engaged in commercial sex acts prior to meeting the defendants and subsequent to the dates alleged in the indictment is not prohibited by Federal Rule of Evidence 412.

In general, Federal Rule of Evidence 412 provides that in a sex-offense case, evidence that a victim engaged in other sexual behavior and evidence offered to prove the victim's sexual predisposition is inadmissible. However, an exception to the rule does permit the Court to admit evidence whose exclusion would violate the defendant's constitutional rights.

In this case, excluding evidence of C.J.'s willingness to engage in commercial sex acts absent any influence exerted by the defendants would deprive Ms. Rembert of her confrontation rights under the Sixth Amendment of the United States Constitution and her right to present a full and fair defense in violation of her due process rights under the Fifth Amendment. *See Cambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045 (1973)("The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations."). When the application of a rule of evidence deprives a defendant of the right to present a defense, it amounts to constitutional error. *See Chambers* 410 U.S. at 302-03, 93 S.Ct at 1049.

In this case, an element of the offense is that the defendants knowingly used coercion, force, threats of force or fraud to cause C.J. to engage in a commercial sex acts. Evidence of C.J.'s

engaging in commercial sex acts prior to meeting the defendants and subsequent to the dates alleged in the indictment without being influenced by the defendants negates that element of the crime. Therefore, Federal Rule of Evidence 412 should not be applied to exclude evidence of C.J.'s engaging in commercial sex acts on occasions outside the time frame alleged in the indictment.

In addition, the government has disclosed that C.J. made false statements to federal agents when she denied having engaged in other acts of commercial acts. Making a false statement to an agent in the course a investigation is a federal crime, a violation of 18 U.S.C. § 1001. Accordingly, at the very least, C.J.'s statements should be admissible for purposes of impeachment.

## CONCLUSION

Based on the facts and arguments set forth above, Ms. Rembert respectfully requests that the Court permit Ms. Rembert to cross examine C.J. about engaging in commercial sex acts outside the time frame alleged in the indictment.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:   s/ *Daryl E. Wilcox*
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
One East Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
(954) 356-7436
(954) 356-7556, Fax
Daryl_Wilcox@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                By:    *s/Daryl E. Wilcox*
                          Daryl E. Wilcox

J:\Rembert, Genet  Reg 01321-104\Pleadings\Reply governments response to Brady.wpd

SERVICE LIST

**UNITED STATES v. GENET REMBERT, et al.**
**CASE NO. 12-60312-CR-COHN/SELTZER**
**United States District Court, Southern District of Florida**

Francis Ines Viamontes, Esq.
francis.viamontes@usdoj.gov
Assistant United States Attorney
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394-3016
954-356-7255
954-356-7336, fax
Attorney for the Government
Notices of Electronic Filing

Daryl E. Wilcox, Esq.
daryl_wilcox@fd.org
Assistant Federal Public Defender
One E. Broward Boulevard, Suite 1100
Fort Lauderdale, FL 33301-1842
954-356-7436
954-356-7556, fax
Attorney for Genet Rembert
Notices of Electronic Filing

Deric Zacca, Esq.
Monarch Professional Centre
12781 Miramar Parkway, Suite 303
Miramar, FL 33024-4204
954-450-4848
954-450-4204, fax
Attorney for Mackenley Desir
Notices of Electronic Filing