**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-60312-CR-COHN**

**UNITED STATES OF AMERICA**

**v.**

**MACKENLEY DESIR and**
**GENET REMBERT,**

       **Defendants.**
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

**The Duty to Follow Instructions and the
Presumption of Innocence When a Defendant
Does Not Testify**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must also follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You may not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a defendant is not evidence of guilt.  The law presumes every defendant is innocent.  A defendant does not have to prove his innocence or produce any evidence at all.  A defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

2

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything that I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

4

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of
## Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Testimony of Witness Using Addictive Drugs**

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**Note-taking**

You have been permitted to take notes during the course of the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Conspiracy to Engage in Sex Trafficking by Force, Fraud, or Coercion
18 U.S.C. § 1594(c)**

In Count 1, the Defendants MACKENLEY DESIR and GENET REMBERT are charged with violating Title 18, United States Code, Section 1594(c), that is, conspiring with others to violate Title 18, United States Code, Section 1591. Count 1 pertains to a conspiracy offense. A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The underlying statute for Count 1 – or the substantive offense – is sex trafficking, which is codified at Title 18, United States Code, Section 1591. Under Title 18, United States Code, Section 1591, it is a federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing that, or in reckless disregard of the fact that, means of force, threats of force, fraud, or coercion will be used to cause the person to engage in a commercial sex act.

In order to find the Defendants guilty of conspiring to commit sex trafficking, all of the following facts must be proved to you beyond a reasonable doubt:

First:   That two (2) or more people in some way agreed to try to accomplish a shared and unlawful plan;

Second:   That the Defendants knew the unlawful purpose of the plan and

9

willfully joined in it; and

Third:         That the object of the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, or maintain by any means, a person, knowing that, or in reckless disregard of the fact that, means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a participant in the conspiracy.

**Sex Trafficking by Force, Fraud, or Coercion**
**18 U.S.C. § 1591(a)(1)**

Count 2 of the Indictment charges the Defendant MACKENLEY DESIR with

violating Title 18, United States Code, Section 1591(a)(1).  Under that statute, it is a

federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport,

provide, obtain, or maintain by any means a person, knowing that, or in reckless

disregard of the fact that, means of force, threats of force, fraud, or coercion will be

used to cause the person to engage in a commercial sex act.

Defendant DESIR can be found guilty of this crime only if all of the following facts

are proved beyond a reasonable doubt:

First:      That Defendant DESIR knowingly recruited, enticed, harbored,
            transported, provided, obtained, or maintained by any means, a
            person;

Second:     That Defendant DESIR knew that, or was in reckless disregard of
            the fact that, means of force, threats of force, fraud, coercion, or
            any combination of such means would be used to cause the person
            to engage in commercial sex acts; and

Third:      That Defendant DESIR's acts were in or affected interstate or
            foreign commerce.

The first element of the offense requires that the Government prove that

Defendant DESIR recruited, enticed, harbored, transported, provided, obtained, or

maintained by any means, a person.  Here, the Indictment alleges that the person

recruited, enticed, harbored, transported, provided, obtained, or maintained is Victim

"B.V."

In considering the terms or words used in this first element, I instruct you to use

their plain, common, and ordinary definitions.  That is, "recruit" means to seek to enroll.

11

"Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give or afford shelter to. "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply, or make available. "Obtain" means to gain possession of or acquire. "Maintain" means to cause or enable to continue.

The second element of the offense requires the Government to prove that Defendant DESIR acted knowing that, or was in reckless disregard of the fact that, means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause "B.V." to engage in a commercial sex act.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. To act with "reckless disregard of the fact" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the persons named in the Indictment would be caused to engage in a commercial sex act by use of force, threats of force, fraud, coercion, or any combination of such means. "Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

The third element of the offense requires the Government to prove that Defendant DESIR's acts were in or affected interstate or foreign commerce. In determining whether a defendant's conduct was "in or affected interstate or foreign

12

commerce," you may consider whether that defendant used means or facilities of interstate or foreign commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether a defendant's conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

It is not necessary for the Government to prove that Defendant DESIR knew or intended that the recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining of the individual named in the Indictment to engage in commercial sex acts by force, fraud, or coercion would affect interstate or foreign commerce; it is only necessary that the natural consequences of such conduct would affect interstate or foreign commerce in some way.

## Sex Trafficking by Force, Fraud, or Coercion
## 18 U.S.C. § 1591(a)(1)

Count 3 of the Indictment charges the Defendants MACKENLEY DESIR and

GENET REMBERT with violating Title 18, United States Code, Section 1591(a)(1).

Under that statute, it is a federal crime for anyone, in or affecting commerce, to recruit,

entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing

that, or in reckless disregard of the fact that, means of force, threats of force, fraud, or

coercion will be used to cause the person to engage in a commercial sex act.

The Defendant DESIR or REMBERT can be found guilty of this crime only if all

of the following facts are proved, as to that Defendant, beyond a reasonable doubt:

First:   That the Defendant knowingly recruited, enticed, harbored,
         transported, provided, obtained, or maintained by any means, a
         person;

Second:  That the Defendant did so knowing that, or in reckless disregard of
         the fact that, means of force, threats of force, fraud, coercion, or
         any combination of such means would be used to cause the person
         to engage in commercial sex acts; and

Third:   That the Defendant's acts were in or affected interstate or foreign
         commerce.

The first element of the offense requires that the Government prove that the

Defendant recruited, enticed, harbored, transported, provided, obtained, or maintained

by any means, a person. Here, the Indictment alleges that the person recruited,

enticed, harbored, transported, provided, obtained, or maintained is Victim "C.J."

In considering the terms or words used in this first element, I instruct you to use

their plain, common, and ordinary definitions. That is, "recruit" means to seek to enroll.

"Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give

14

or afford shelter to.  "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply, or make available.  "Obtain" means to gain possession of or acquire.  "Maintain" means to cause or enable to continue.

The second element of the offense requires the Government to prove that the Defendant acted knowing that, or was in reckless disregard of the fact that, means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause "C.J." to engage in a commercial sex act.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.  To act with "reckless disregard of the fact" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the persons named in the Indictment would be caused to engage in a commercial sex act by use of force, threats of force, fraud, coercion, or any combination of such means.  "Coercion" means: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of law or the legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

The third element of the offense requires the Government to prove that the Defendant's acts were in or affected interstate or foreign commerce.  In determining whether a defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether that defendant used means or facilities of interstate or foreign

15

commerce, such as telephones, the internet or hotels that serviced interstate travelers, or whether a defendant's conduct substantially affected interstate commerce by virtue of the fact that he or she purchased items that had moved in interstate commerce.

It is not necessary for the Government to prove that the Defendant knew or intended that the recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining of the individual named in the Indictment to engage in commercial sex acts by force, fraud, or coercion would affect interstate or foreign commerce; it is only necessary that the natural consequences of such conduct would affect interstate or foreign commerce in some way.

## Aiding and Abetting: Agency
## 18 U.S.C. § 2

It is possible to prove a defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.  Ordinarily, any act a person can do may be done by directing another person, or "agent."  Or it may be done by acting together with or under the direction of others.

A defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

17

**Evidence of Flight**

The Government claims, as evidence of guilt, that Defendant MACKENLEY DESIR intentionally fled from law enforcement. Intentional flight or concealment by a defendant during, or immediately after, a crime has been committed is not, of course, sufficient in and of itself to establish the guilt of that defendant. But, intentional flight or concealment under such circumstances is a fact that, if proved, may be considered by the Jury, along with all the other evidence in the case, to determine the guilt or innocence of a defendant.

Whether or not Defendant DESIR's conduct in this case constituted flight or concealment is exclusively for you, as the Jury, to determine. Further, whether or not such flight or concealment showed a consciousness of guilt on Defendant DESIR's part, as well as the significance to be attached to such flight, are matters also exclusively for you, as a Jury, to determine.

I do remind you that in your consideration of any evidence of flight or concealment in this case, if you should find that there was flight or concealment you should also consider that there may have been reasons for this that are fully consistent with innocence. There may be many reasons for a defendant to be unwilling to be interviewed by law enforcement agents, which are perfectly innocent reasons, and in no way show any consciousness of guilt on the part of that Defendant.

And, may I also suggest to you, a feeling of guilt does not necessarily reflect actual guilt of a crime that you are considering committing.

18

### Duress and Coercion

The Defendant GENET REMBERT claims that if she committed the acts charged in the Indictment, she did so only because she was forced to commit the crime.  If you conclude that the Government has proved beyond a reasonable doubt that Defendant REMBERT committed the crime as charged, you must then consider whether Defendant REMBERT should nevertheless be found "not guilty" because her actions were justified by duress or coercion.

To excuse a criminal act, Defendant REMBERT must prove by a preponderance of the evidence:

First:      That there was an unlawful and present, immediate, and impending threat of death or serious bodily harm to Defendant REMBERT or another;

Second:   That Defendant REMBERT's own negligent or reckless conduct did not create a situation where she would be forced to engage in a crime.

Third:     That Defendant REMBERT had no reasonable legal alternative to violating the law; and

Fourth:    That avoiding the threatened harm caused the criminal action.

A "preponderance of the evidence" is enough evidence to persuade you that Defendant REMBERT's claim is more likely true than not true.

If you find that Defendant REMBERT has proven each of these elements by a preponderance of the evidence, you must find Defendant REMBERT not guilty.

19

## On or About a Particular Date; Knowingly

You'll see that the Indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the Indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the Indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

21

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

22

## **Verdict**

When you get to the jury room, you must choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A form of verdict has been prepared for your convenience.

### [Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible – either in writing, or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.