UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60312-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MACKENLEY DESIR,

    Defendant.
_____/

### ORDER DENYING DESIR'S SECOND MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court on Defendant Mackenley Desir's Second Motion for New Trial Based on Newly Discovered Evidence [DE 253]. The Court has considered the motion, the Government's response [DE 262], the record, and is otherwise advised in the premises. Because the Government stipulates that the facts alleged by the Defendant are accurate, the Court finds that an evidentiary hearing is unnecessary to determine the motion.

The Eleventh Circuit requires the following five elements be satisfied before a new trial is warranted based on newly discovered evidence:

1. the evidence was in fact discovered after trial;
2. the defendant exercised due care to discover the evidence;
3. the evidence was not merely cumulative or impeaching;
4. the evidence was material; and
5. the evidence was of such a nature that a new trial would probably produce a different result.

United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995); United States v. Thompson,

422 F.3d 1285, 1294 (11th Cir. 2005).

Here, the newly discovered evidence consists of records received from the Department of Children and Families ("DCF") pursuant to the service of a Rule 17(c) subpoena.  The records were not received by counsel for Mr. Desir until some time after the verdict.  The records subpoenaed related to "B.V.'s claim that the Defendant was the father of a child of hers and B.V.'s later recantation of the Defendant being the father and any explanation for her initial claim of the Defendant being the father and/or later recantation."  DE 253 at 9.

The Court finds that the newly discovered evidence is both cumulative and impeaching and is not of such a nature that a new trial would probably produce a different result.  Although B.V.'s credibility was clearly at issue during the trial, the Government presented overwhelming corroborative evidence supporting her truthfulness as to the essential claim of being forced to engage in commercial sex acts.  The Government presented photographs showing severe bruising of B.V., photographs of Mr. Desir's firearm recovered by law enforcement, 911 calls made by B.V. and other witnesses, testimony of victim C.J., photographs of C.J., photographs of Mr. Desir's name tattooed on B.V., and recorded calls between Mr. Desir and Ms. Rembert illustrating Mr. Desir's control of the prostitution business even while incarcerated.

During B.V.'s trial testimony, the defense offered ample impeachment including a letter signed by B.V. asking that charges be dropped against Mr. Desir, testimony that B.V. and Mr. Desir got back together after Mr. Desir's release from jail, and testimony that B.V. was a five-time convicted felon including an eight-year prison term that she is currently serving.  The additional impeachment now offered is quite similar to that

received by the jury.  It is the Court's fervent belief that such newly discovered evidence would not result in a not guilty verdict should a new trial be granted.  Accordingly, it is thereupon

**ORDERED AND ADJUDGED** that Defendant Mackenley Desir's Second Motion for New Trial Based on Newly Discovered Evidence [DE 253] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of August, 2013.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.